J-S32014-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ZAKEEM SINGLETON | : | |
| | : | |
| Appellant | : | No. 2833 EDA 2019 |

Appeal from the PCRA Order Entered September 12, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0009120-2015

BEFORE:   KUNSELMAN, J., KING, J., and COLINS, J.[*]

JUDGMENT ORDER BY COLINS, J.:                    **FILED JULY 17, 2020**

Appellant, Zakeem Singleton, appeals from the order entered September 12, 2019, that dismissed his first petition filed under the Post Conviction Relief Act ("PCRA")[1] without a hearing.  We affirm on the basis of the PCRA court opinion.

> On May 10th of 2015, 23-year-old Wayne Ward and Anthony Satchell were walking in the area of 6015 Colgate Street . . . in the City and County of Philadelphia when they were approached by [Appellant], as well as Chris Singleton, Justin Manning and three other unknown individuals who were not identified.
>
> They asked Mr. Ward where James Lewis was.  Mr. Ward indicated he did not know.  At that point [Appellant] pull[ed] out a firearm that was in his waistband, pointed it at Mr. Ward and demanded

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541–9546.

that he empty his pockets, as well as Mr. Satchell empty his pockets.

When neither Mr. Ward nor Mr. Satchell complied, [Appellant] told them to get on the ground. Mr. Satchell turned and ran away toward Benner Street. Mr. Ward remained.

[Appellant] started to fire his firearm multiple times . . . in Mr. Satchell's direction, although Mr. Satchell was not hit. He fired and struck Mr. Ward in the torso by the hip area. That shot was, in fact, fatal and Mr. Ward collapsed there and was pronounced [dead].

N.T. 12/5/2016, at 25-26.

On December 5, 2016, Appellant pleaded guilty to murder of the third degree and possessing instruments of crime[2] and was immediately sentenced to 20 to 40 years of incarceration; he did not file a direct appeal. On August 28, 2017, Appellant filed his first, *pro se*, timely PCRA petition, alleging ineffective assistance of trial counsel on the basis that trial counsel "refused to prepare for trial" and "unlawfully induced [Appellant] to plead guilty[.]" PCRA Petition, 8/28/2017, at first of two unnumbered pages between pages 4 and 5 of PCRA Petition. On October 3, 2017, the PCRA court appointed counsel to represent Appellant, who, on December 13, 2017, filed an amended PCRA petition raising identical ineffectiveness claims. On July 24, 2019, the PCRA court entered a notice of intent to dismiss all claims without a hearing pursuant to Pa.R.Crim.P. 907. On September 12, 2019, the PCRA court

_____

[2] 18 Pa.C.S. §§ 2502(a) and 907(a), respectively. Appellant simultaneously pleaded guilty to robbery, *id.* § 3701(a)(1)(ii), at Docket No. CP-51-CR-0010318-2015, and was immediately sentenced to three to ten years of confinement, to be served consecutively to his sentence in the current action.

dismissed Appellant's petition. On October 2, 2019, Appellant filed this timely appeal.[3]

Appellant presents the following issues for our review:

**I.** Did the []PCRA [c]ourt err in dismissing the [PCRA] petition, without a hearing, even though Appellant pled, and would have been able to prove that he was entitled to relief?

**II.** Did the []PCRA [c]ourt err in dismissing the PCRA, without a hearing, even though Appellant pled that he was victimized by ineffective assistance of prior/trial counsel where counsel was unprepared for trial and where counsel's bad advice prejudiced []Appellant by causing [Appellant] to plead guilty to a crime which he did not commit?

Appellant's Brief at 3 (PCRA court's answers omitted).

"We review the denial of PCRA relief to decide whether the PCRA court's factual determinations are supported by the record and are free of legal error." ***Commonwealth v. Medina***, 209 A.3d 992, 996 (Pa. Super. 2019) (quoting ***Commonwealth v. Brown***, 196 A.3d 130, 150 (Pa. 2018)).

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable Rose Marie DeFino-Nastasi, we conclude that Appellant's issues merit no relief. The PCRA court opinion comprehensively discusses and properly disposes of those questions. ***See*** PCRA Court Opinion, dated November 26, 2019, at 3–6 (finding: (1) Appellant's current claims contradict his plea

---

[3] Appellant filed his statement of errors complained of on appeal on October 31, 2019. The trial court entered its opinion on November 26, 2019.

colloquy; (2) Appellant's claim that trial counsel was unprepared for trial is belied by pleadings; (3) by Appellant's own admission, trial counsel was in contact with him; and (4) there was no need for an evidentiary hearing, as Appellant's PCRA petition failed to present any genuine issues of material fact). Accordingly, we affirm on the basis of the PCRA court opinion. The parties are instructed to attach the opinion of the PCRA court in any filings referencing this Court's decision.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/17/20

**IN THE COURT OF COMMON PLEAS OF PHILADELPHIA**
**CRIMINAL TRIAL DIVISION**

COMMONWEALTH OF PENNSYLVANIA     :     CP-51-CR-0009120-2015

                            :

v.                               :

                            :

ZAKEEM SINGLETON                 :        2833 EDA 2019

## OPINION

Rose Marie DeFino-Nastasi, J.                         November 26, 2019

## PROCEDURAL HISTORY

On May 10, 2015, Zakeem Singleton (the "Petitioner"), along with five other individuals robbed Wayne Ward (the "decedent") and Anthony Satchell at gun point. During the robbery, the Petitioner shot and killed the decedent.

On December 5, 2016, the Petitioner pleaded guilty, pursuant to a negotiated guilty plea, to third-degree murder,[1] possession of an instrument of crime ("PIC"),[2] and robbery.[3] On that same day, the Petitioner was sentenced to twenty to forty years' incarceration for the third-degree murder conviction, a concurrent eleven and one-half to twenty-three months for the PIC conviction and a consecutive three to ten years for the robbery conviction; for an aggregate sentence of twenty-three to fifty years' incarceration. The Petitioner did not file a motion to withdraw his guilty plea or a direct appeal.

On August 28, 2017, the Petitioner filed the instant, timely, *pro se* Post-Conviction Relief Act ("PCRA") Petition. On October 3, 2017, PCRA counsel was appointed. On December 13, 2017, PCRA counsel filed an Amended PCRA Petition. On May 3, 2018, the Commonwealth

---

[1] 18 Pa.C.S. § 2502(c).
[2] 18 Pa.C.S. § 907(a).
[3] 18 Pa.C.S. § 3701.

filed a Motion to Dismiss the PCRA Petition. On January 4, 2019, PCRA counsel filed a Supplemental Amended PCRA Petition. On May 2, 2019, the Commonwealth filed an Answer to the Supplemental Amended PCRA Petition.

On July 24, 2019, the court denied the PCRA and issued a Notice of Intent to Dismiss Pursuant to Rule 907. On September 12, 2019, the PCRA was formally dismissed.

On October 2, 2019, the Petitioner filed a Notice of Appeal to the Superior Court. On October 31, 2019, the Petitioner filed a Statement of Matters Complained of on Appeal claiming the following:

1) The Honorable PCRA Court erred where it dismissed the [Petitioner's] Amended PCRA Petition, without holding an evidentiary hearing even though the [Petitioner] properly pled, and could have proven, that [the Petitioner] was victimized and prejudiced by trial counsel's ineffectiveness when counsel failed to prepare for trial and threatened and/or forced the [Petitioner] into pleading guilty. If the assertions are true then the [Petitioner's] plea could not be held to be taken in a knowing, intelligent and voluntary fashion but that it was involuntary and [the Petitioner] should have been permitted to withdraw his plea and proceed to trial.
2) In that the [Petitioner] makes certain assertions in his *pro se* PCRA Petition and subsequent Certification which seem to contradict the written Guilty Plea Colloquy but which would not necessarily be in the official record/transcripts, and if said assertions are true, it would have entitled him to relief. Counsel believes that there was an issue(s) of fact and ineffectiveness of trial counsel that could only have been resolved by holding a PCRA Evidentiary Hearing.

**STATEMENT OF FACTS**

During the Petitioner's guilty plea colloquy, the Commonwealth read the following facts into the record:

On May 10th of 2015, [the decedent] and Anthony Satchell were walking in the area of 6015 Colgate Street here in the City and County of Philadelphia when they were approached by [the Petitioner], as well as Chris Singleton, Justin Manning, and three other unknown individuals who were not identified.

They asked [the decedent] where James Lewis was. [The decedent] indicated he did not know. At that point, [the Petitioner] did pull out a firearm that was in his waistband, pointed it at [the decedent] and demanded that he empty his pockets, as well as Mr. Satchell empty his pockets.

2

When neither [the decedent] nor Mr. Satchell complied, [the Petitioner] told them to get on the ground. Mr. Satchell turned and ran away toward Benner Street. [The decedent remained].

[The Petitioner] started to fire his firearm multiple times both in Mr. Satchell's direction, although Mr. Satchell was not hit. He fired and struck [the decedent] in the torso by the hip area. That shot was, in fact, fatal and [the Petitioner] collapsed there and was pronounced.

. . .

Dr. Chu conducted an examination. He would be certified as an expert. He would categorize the cause and manner of death as homicide to [the decedent] from a penetrating gunshot wound of the torso, as well as a graze gunshot wound to the left forearm.

Chris Singleton, Justin Manning, and Anthony Satchell would all testify and identify [the Petitioner] as the shooter in this case.

Notes of Testimony, 12/05/2016 at 25–27.

## ANALYSIS

The Petitioner's first claim is that he is entitled to relief because his guilty plea was unlawfully induced as a result of his trial counsel's ineffectiveness.

PCRA relief is available if the guilty plea was unlawfully induced where the circumstances make it likely that the inducement caused the petitioner to plead guilty and the petitioner is innocent. 42 Pa.C.S. § 9543(a)(2)(iii). A criminal defendant has the right to effective counsel during a plea process as well as during a trial. *Hill v. Lockhart*, 474 U.S. 52 (1985). Allegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea. *Commonwealth v. Allen*, 732 A.2d 582, 587 (Pa. 1999).

Where the defendant enters his plea on the advice of counsel, "the voluntariness of the plea depends on whether counsel's advice 'was within the range of competence demanded of attorneys in criminal cases.'" *Hill*, 474 U.S. at 56. Counsel is strongly presumed to have rendered effective assistance and made all significant decisions in the exercise of reasonable professional judgment. *Strickland v. Washington*, 466 U.S. 668 (1984); *Commonwealth v. Weiss*,

3

81 A.3d 767, 783 (Pa. 2013). Additionally, "a person who elects to plead guilty is bound by the statements [they] make in open court while under oath and [they] may not later assert grounds for withdrawing the plea which contradict the statements [they] made at [their] plea colloquy." *Commonwealth v. Turetsky*, 925 A.2d 876, 881 (Pa. Super. 2007).

The standard for post-sentence withdrawal of a guilty plea dovetails with the arguable merit/prejudice requirements for relief based on an ineffective assistance of counsel claim under which the Petitioner must show that counsel's deficient stewardship resulted in a manifest injustice, for example, by facilitating entry of an unknowing, involuntary, or unintelligent plea. *Allen*, 732 A.2d at 589. Displeasure with a decision to plead guilty is not grounds for attacking a plea. *Commonwealth v. Moser*, 921 A.2d 526, 529 (Pa. Super. 2007). When a defendant pleads guilty, it is presumed that he is aware of what he was doing, and the burden of proving involuntariness is upon him. *Commonwealth v. Bedell*, 954 A.2d 1209, 1212 (Pa. Super. 2008).

Furthermore, "the desire of an accused to benefit from a plea bargain is a strong indicator of the voluntariness of the plea". *Commonwealth v. Pollard*, 832 A.2d 517, 524 (Pa. Super. 2003). The facts read into the record established a classic case of felony murder. The Petitioner and his cohorts were committing an armed robbery when the surviving victim ran off. The Petitioner shot at him multiple times, missing and striking the co-victim decedent, killing him. The Petitioner escaped the very real possibility of a life sentence in exchange for his plea. Certainly, counsel's advice was within the range of competence demanded of attorneys in criminal cases.

Here, the Petitioner specifically claims that his attorney did not share information about his case with him, that he was unable to contact his attorney, and his attorney "kept saying to

4

take a deal . . . your cousin is going to take the stand [and] there is no chance to win this case." Supplemental Amended PCRA Petition, Exhibit A, January 30, 2019, at 2.

Foremost, the Petitioner's claims contradict his plea colloquy. In the Petitioner's plea colloquy, the court asked the Petitioner: "Are you satisfied with the advice of your Counsel" and "Do you have any questions for Counsel at this time?" The Petitioner responded that he was satisfied, and he did not have any questions. Notes of Testimony ("N.T.") 12/05/2016, at 16.

Furthermore, the Petitioner's claim that counsel was unprepared to go to trial is belied by pleadings, wherein the Petitioner avers that counsel instructed the Petitioner that the surviving victim, the Petitioner's cousin, and another co-conspirator, were prepared to testify against the Petitioner at trial. Furthermore, trial counsel's analysis of the evidence against the Petitioner is supported by the factual basis read into the record for the plea, wherein, the Commonwealth indicated that Chris Singleton, Justin Manning and Anthony Satchell would all identify the Petitioner as the shooter in this case.

By the Petitioner's own admission, trial counsel was in contact with the Petitioner. The Petitioner indicated in his certification that counsel met with him a few times to review the discovery in the case. *See* Petitioner's Certification at 1. There is no factual basis to support the Petitioner's claim that PCRA counsel was unprepared for trial. Therefore, this issue has no merit.

The Petitioner's second claim is that the PCRA Court erred in not granting an evidentiary hearing since his claim contradicts the Guilty Plea Colloquy and is not of record. As such, a hearing should have been held to determine a disputed issue of material fact.

There was no need for an evidentiary hearing. A review of the record and the Petitioner's PCRA pleadings failed to establish a genuine issue of material fact. *See Commonwealth v. Jones,*

5

942 A.2d 903, 906 (Pa. Super. 2008) (*citing Commonwealth v. Barbosa*, 819 A.2d 81 (Pa. Super. 2003) (It is well settled that there is "no absolute right to an evidentiary hearing on a PCRA petition, and if the PCRA court can determine from the record that no genuine issues of material fact exist, then a hearing is not necessary.")).

## CONCLUSION

Based on the foregoing, the court's denial of Zakeem Singleton's PCRA Petition should be affirmed.

By the Court;

Rose Marie DeFino-Nastasi, J.

*Commonwealth v. Zakeem Singleton*
**CP-51-CR-0009120-2015**
**2833 EDA 2019**
**Opinion**

## Proof of Service

I hereby certify that I am this day serving the foregoing Court Order upon the persons(s), and in the manner indicated below, which service satisfies the requirements of Pa.R.Crim.P.114:

Petitioner:                    Zakeem Singleton
                               NG4001
                               SCI Phoenix
                               1200 Mokychic Drive
                               Collegeville, PA 19426

    Type of Service: First-class Mail

PCRA Counsel:                  David Rudenstein, Esq.
                               Blue Grass Plz
                               2417 Welsh Rd
                               Box 336
                               Philadelphia, PA 19114-2213

    Type of Service: First-class mail

District Attorney:             Philadelphia District Attorney's Office
                               Appeals Unit
                               3 South Penn Square
                               Philadelphia, PA 19107

    Type of Service: Inter-Office

Date: 11/26/2019

Bryan Foster
Law Clerk to the
Honorable Rose Marie DeFino-Nastasi